Bartlett, J.
Upon the trial, the defendant appears to Lave contested the plaintiff’s claim to recover the amount specified in the benefit certificate insuring her husband’s life, on two grounds. First, that he had not paid certain assessments due under the certificate, in the particular way prescribed by the constitution and by-laws of the defendant; and, second, that he had not paid such assessments in any way whatever.
The- plaintiff’s husband, Dr. Michael A. Fame, was the treasurer of Emmet Council No. 102, a subordinate branch of the fraternal and benevolent organization of which the defendant is the head. He was apparently in good standing as a member, at the time of his death on July 31, 1885.. His standing in his own council hq,d never been questioned, *156 so far as the record shows, and in a list of deaths communicated by the supreme council to the subordinate councils his name was included as that of a member who had died in good standing. These facts constituted sufficient prima facie proof to impose upon the defendant the burden of showing: that Dr. Fame had in fact forfeited his good standing during his lifetime, as alleged in the third subdivision of the answer, because he did not perform the conditions nor keep the-agreements to be kept and performed by him.”
Four assessments, numbered 2-0 to 23 inclusive, were pay-, able during Dr. Fame’s membership. He paid the first of these assessments, No. 20 on the night of his initiation. As to assessment No. 21 and assessment No. 22, it is proven that he did not pay either to the collector of Emmet council, but that he himself, as the treasurer of that subordinate-council remitted to the supreme treasurer of the organization, an amount which was received as the aggregate due from his council for each assessment. If these remittances included the amounts assessable against Dr. Farrie, the fact that the payment was made directly to the supreme treasurer, in- . stead of indirectly through the collector, cannot be allowed to deprive his widow of the benefit of such payment. The main purpose of the regulations of the defendant in regard to the collection of assessments, is to put into the hands of the principal treasurer the amount payable by each member ■ of the organization. If the money gets into the treasury, it matters little by what path it get there, so far as the rights of the beneficiary are concerned.
But it is urged in behalf of the appellant, that the supreme council did not in fact, receive from Emmet council the full amount it owed on assessment No. 21, and hence that it cannot be held to have received anything on Dr. Fame’s account. He remitted a sum sufficient to pay the assessments of seven members, when it is said there were actually nine members liable to be assessed, two new ones having been admitted on April 3, 1885. The record, however, discloses no evidence from which the inference can fairly be drawn that either of these two members ever paid their particular assessment to anybody. If they paid it, the fact could have been proved by calling them as witnesses, yet neither of them was put on the stand, and the collector’s accounts, which were put in evidence -by the defendant, contain no charge against either of them by reason of assessment No. 21. In these same accounts, charges for assessments Nos. 22 and 23 are erased, and a statement appears to the effect that these assessments ought not to have been charged against these two members. If these entries are correct, it would seem to follow that these gentlemen could hardly have been liable to pay an earlier assessment.
*157 As the evidence stood, then, at the conclusion of the case, it indicated that the defendant had received from Dr. Farrie all that was due from him on account of three out of the four assessments which were called for during his membership; and there was no proof which would have justified a finding to the contrary.
As to the fourth of these assessments (No. 23) it seems that Dr. Farrie never received any actual notice of the call therefor. According to the brief of counsel for the appellant, this call (which is not set forth in full in the printed case, but is designated ás Exhibit D) was dated June 13, and it appears to have been read at the meeting of Emmet Council, held on June 19. That this was the first meeting at which it could have been read is evident from the date of the call itself; and the entry in the minutes of the meeting of May 15, to the effect that the call for assessment, No. 23, was read to the council on that occasion, must be an error. But Dr. Farrie was not present at the meeting of June 13, nor so far as appears, at any subsequent meeting prior to his death. He was the treasurer, and the minutes show that ■on June 19, all the officers were present except the treasurer, and that on July 17 the treasurer was absent. Dr. Farrie ■died on July 31. As he is not shown to havo been notified in any manner of the call for assessment No. 23, the contention of the defendant that in consequence of non-payment he was ipso facto suspended from the council, forty days after the date of the call, cannot be upheld. We do not think his suspension could be affected without some sort of notice that a call had been made to which it was his duty to respond.
Upon the proof as it stood at the close of the trial, the court below was right in directing a verdict for the plaintiff, and the judgment appealed from should be affirmed with ■costs.
Van Brunt, P. J., and Daniels, J., concur.